IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $24,488 IN U.S. CURRENCY AND A GOLD NECKLACE AND PENDANT,<br><br>Defendants. | ) | Civil No. 3:25-cv-00133<br><br>RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION TO DISMISS |

COMES NOW Plaintiff, the United States of America, by and through the undersigned counsel, and hereby files its Opposition to Claimant's Motion to Dismiss.

1. Attached to the pro se answer of Claimant Esquivias-Sandoval is a motion to dismiss, asserting that the forfeiture of the Defendant gold necklace and pendant violate the statute of limitations set forth in 19 U.S.C. § 1621. (ECF 7, pp. 7–10.)

2. He claims the offense conduct giving rise to the forfeiture—if any—occurred more than five (5) years ago as it pertains to the necklace/pendant involved in this action. However, he also claims the gold necklace and pendant are not forfeitable on the merits. The question of whether Esquivias-Sandoval purchased the gold necklace and pendant with drug proceeds—and how and when he acquired them—are a contested matter in this litigation.

3. The five (5) year statute of limitations in 19 U.S.C. § 1621 is applicable to civil forfeiture actions.

4. Esquivias-Sandoval does not contest the timeliness of the civil forfeiture complaint in general. He contends that he purchased the gold necklace and pendant long before the offense conduct, which he argues makes the civil forfeiture untimely.

5. This remains to be seen. The complaint alleges the gold necklace and complaint were seized when Esquivias-Sandoval was arrested on drug charges on October 25, 2022 (ECF 1, ¶¶ 92–95), which is within the statute of limitations. The complaint generally alleges the gold necklace and pendant were purchased with drug proceeds of the conspiracy in which Esquivias-Sandoval participated between September 2021 and November 2022, to which he pled guilty and was convicted. (ECF 1, ¶¶ 1–2, 105, 117). "A court may consider a statute of limitations argument at the motion to dismiss stage only if it appears from the face of the complaint that the limitations period has run." *Bishop v. DeLaval Inc.*, 466 F. Supp. 3d 1016, 1022 (W.D. Mo. 2020). That is not the case here.

6. Another statute of limitations applicable in this case is found in 18 U.S.C. § 983(a)(3)(A), which gives the Government ninety days from the filing of an administrative claim to file a complaint for forfeiture. The FBI received Esquivias-Sandoval's claim on September 2, 2025, making the ninety-day complaint deadline December 1, 2025. The Complaint in this case was timely filed on November 28, 2025.

7. Esquivias-Sandoval alleges in pleadings that he was given the gold necklace and pendant by his mother long before his drug offenses in the 1990s. (ECF 1, ¶ 110.) A letter Esquivias-Sandoval provided to the FBI from his mother did not specify <u>when</u> she gave him the gold necklace and pendant. (ECF 1, ¶ 115.) Thus, while

the evidence points to the items being purchased with drug proceeds, it remains to be seen whether he acquired the necklace and pendant prior to the offense. His alleged innocent ownership is an affirmative defense under 18 U.S.C. § 983(d), not a basis to dismiss the gold necklace and pendant from the case at this juncture.

8. Accordingly, the motion to dismiss should be denied without prejudice until after the parties have had the opportunity to conduct discovery and further develop the factual record. *See* 18 U.S.C. § 983(a)(3)(D) ("No complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.")

9. Facts outside the four corners of the complaint are a particularly poor reason to dismiss this case. The unreliability of Esquivias-Sandoval's assertions at this juncture are apparent from the record. For example, in his claim contesting the administrative forfeiture, Esquivias-Sandoval asserted the Defendant $24,488 was loaned to him by his mother. (ECF 3, ¶¶ 3, 4.) Later, he changed his story to assert his mother only loaned him $18,000 – $22,000, some of which he spent. (ECF 3, ¶ 8.) In his claim, however, he asserted an interest in a different amount, $23,045 of the Defendant $24,488, and contested its forfeiture. (ECF 3, ¶ 9.) Later, in his answer, he agreed to forfeit the $23,045, asserting he could prove it was given to him by his mothers, but they are afraid of being involved in this matter out of unspecified concerns of "government retaliation against their family over this matter." (ECF 7, p. 4). He then claimed the remaining $1,442 belonged to someone else (*Id.*), again, contradicting his original claim.

10. The question of whether the gold necklace and pendant are forfeitable is a subject properly resolved after litigation.

Respectfully submitted,

David C. Waterman
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Attorney's Office
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

__X__U.S. Mail _____Fax _____Hand Delivery __X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY
By: */s/ Z. Noble*
Paralegal Contractor