RECEIVED
FEB 13 2026
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

United States District Court
for the Southern District of Iowa

| | |
|---|---|
| **United States of America**<br>**Plaintiff**<br><br>**v.**<br><br>**Approximately $24,488 in U.S. Currency and a Gold Necklace and Pendant**<br>**Defendant** | **Civil No.: 3:25-cv-00133** |

# Claimant's Reply to Government's Response in Opposition to Motion to Dismiss (pursuant L.R. 7(g))

**Claimant pro se, Roberto Esquivias-Sandoval, files his reply to the Government's Opposition to his Motion to Dismiss (Doc. 8). Esquivias-Sandoval respectfully requests the Court to grant his Motion to Dismiss, or if the Court has already denied the Motion, to consider this a Motion to Reconsider, for the following reasons set forth:**

**1. The Government filed their opposition on February 3, 2026.**

**2. In accordance with Local Rule 7(g), Esquivias-Sandoval has 7 days from service to reply to the opposition. Esquivias-Sandoval received the Government;s Opposition on February 6 through regular Unit Mail, making his deadline February 13. Thus, Esquivias-Sandoval's Reply is timely.**

3. Local Rule 7(g)( also states that Esquivias-Sandoval's is allowed to file a reply as lone as there are "new and unanticipated arguments made in the resistance." The Government's blatant misrepresentation of the record constitutes as such, allowing for Esquivias-Sandoval to file the instant motion.

4. The Government alleges that their filed Complaint (Doc. 1) that ties the gold necklace and pendant in question to Esquivias-Sandoval's drug conspiracy conduct of September 2021 through November 2022. However, it becomes clear the Government is not as confident as they allege, for in that same Complaint, they attempt to tie Esquivias-Sandoval's claim that his mother purchased the gold necklace and pendant for him (with a letter from his mother and a picture of him from 1998 wearing the necklace as proof, attached as exhibits in Esquivias-Sandoval's Administrative Forfeiture filing) with an out of place, random statement of their belief that Esquivias-Sandoval was involved in "illegal drug trafficking as a customer and/or dealer ... in approximately 1993-1994," /Id. at ¶¶'110-111, coincidentally around the same time as Esquivias-Sandoval's claim that the gold necklace and pendant was purchased for him. The Government's statement, on its face, alleges because of the 1998 drug conviction, the necklace and pendant was probably purchased from drug proceeds and is the basis of his Motion to Dismiss.

5. The criminal conduct is in no way related to the instant offense, and is not referenced anywhere else in the Complaint, and so can be assumed with confidence that the only reason to

be mentioned in the Complaint, and where, was to tie it to it's suspected relation to the contested gold necklace and pendant. Thus proving that the Government is proverbially "having their cake and trying to eat it too," by claiming the necklace and pendant have two potential grounds by which to confiscate it from Esquivias-Sandoval under applicable law.

6. With no other reason to mention Esquivias-Sandoval's 1990's criminal conduct and conviction, the Government's 5 year statute of limitations for conduct starts in 1993-1994 making their November 28, 2025 Complaint untimely. The Complaint would still be untimely when using the 2 year statute of limitations for confiscation which occurred October 25, 2022, as clearly noted in the Motion to Dismiss at 1-2 and 4 but overlooked by the Government.

7. The Government fails to mention that Esquivias-Sandoval also provided a picture of himself in 1998 wearing the necklace and pendant, additional proof of his claims concerning a violation of statute of limitations are colorable; attempting to shift the Court's focus and purport that the claim continues to hold such ambiguity that litigation is still required, when the record before the Court with the uncontested photo establishing Esquivias-Sandoval's possession of the necklace and pendant a decade or more before the illegal conduct alleged here.

8. The Government finally attempts to sway the Court towards a need to litigate and create a more fleshed out record due to Esquivias-Sandoval's "unreliability concerning the forfeited $24,488." Doc. 8 at 3. There are two major reasons this part of the record is also being misrepresented.

9. First, Esquivias-Sandoval carefully explained the fluctuation in what he believed he was rightfully able to attempt to claim (see Claimant's Verified Claim at 3-4 where he assumed all the case found belonged to him until he read the Government's Verified Complaint where they broke down how much money was found and where, thus alerting Esquivias-Sandoval to amend the amount based on this new information; see also Claimant's Declaration at 3-4 and Claimant's Verified Answer at 3-4). Second, Esquivias-Sandoval ultimately gave up his right to claim the $23,045 (see Verified Answer at 4; Declaration at 3). Thus, any mention of the forfeited money is irrelevant to the Motion to Dismiss and should not be used for consideration in this motion.

10. Because of the Governemnt's attempt to mislead the Court through the record, Esquivias-Sandoval respectfully requests the Court to grant his Motion to Dismiss with respect to the gold necklace and pendant, and order its immediate return to Esquivias-Sandoval's named proxy (See Claimant's Declaration at 2, ¶9) and any other applicable relief.

RESPECTFULLY SUBMITTED THIS ___ DAY OF FEBRUARY, 2026

↑ date for today

______________________

Roberto Esquivias-Sandoval

← sign

## Certificate of Service

I thereby certify that on this 9 day of Feb, 20 26 I placed with staff noted below my first class, postage prepaid envelope addressed to:

Clerk of Court
United States District Court
for the Southern District of Iowa
Davenport Division
131 E. Fourth St.
Suite 150
Davenport, IA 52801

RECEIVED
FEB 13 2026
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

containing my Reply to Motion to Dismiss
for outbound legal mail with:

☒ A.M. Legal Mail, or

☐ Unit Mail Box because a.m. legal mail was not available to me, specifically ____________________

Note: A.M. Legal mail is the designated legal mail system, but unit mail is used as the alternate mail drop as it is the regular institution mail.

**PLEASE NOTE:** In the interest of efficiency, the Clerk is respectfully requested to **SERVE**, via the ECF system, ALL PARTIES not listed above.

Further, I request the Court clerk **FILE** the included motions and documents under the "Prisoner Mailbox Rule" on the **DATE** noted above, pursuant Houston v. Lack, 478 U.S. 266, 267 (1988). Sworn as true and correct under pains and penalties of perjury. Executed on the above noted date under 28 U.S.C. §1746.

[signature]
Roberto Esquivias-Sandoval

Roberto Esquivias - Sandoval
28686-510 Unit B
Federal Correctional Institution
P.O. Box 1000
Sandstone, MN 55072

LEGAL MAIL

SOLD IN COMMISSARY

Clerk of Court
United States District Court
for the Southern District of Iowa
Davenport Division
131 E. Fourth St.
Suite 150
Davenport, IA 52801

⇔28686-510⇔
Clerk Of Court
131 E 4TH ST
Davenport, IA 52801
United States