IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATLEY $24,488 IN U.S. CURRENCY AND A GOLD NECKLACE AND PENDANT,<br><br>Defendants. | ) | Civil No. 3:25-cv-00133<br><br>BRIEF IN SUPPORT OF PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS AND PARTIAL VOLUNTARY DISMISSAL |

**Table of Contents**


**I. Introduction** ..... 2

**II. Legal Standard** ..... 2

**III. No Dispute of Material Fact** ..... 3

**IV. Plaintiff is Entitled to Judgment as a Matter of Law** ..... 5

**V. The Gold Necklace and Pendant** ..... 8

**VI. Conclusion** ..... 10

## **Introduction**

The United States of America, by and through undersigned counsel, hereby files this Brief in Support of its Motion for Partial Judgment on the Pleadings and Partial Voluntary Dismissal.

Roberto Esquivias-Sandoval (hereinafter "Claimant") has filed a Verified Claim and Answer (with an appended Motion to Dismiss) asserting an interest in the Defendant Property. (ECF No. 3, 7.) Plaintiff responded in opposition to the Motion to Dismiss (ECF No. 8), to which Claimant replied (ECF No. 9). Based on the content of these pleadings, there is no material issue of fact to resolve regarding Claimant's previously alleged interest in the Defendant Currency, and Plaintiff is therefore entitled to judgment as a matter of law.

## **Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are now closed, and submission of this motion will not delay trial in this matter.

A motion for judgment on the pleadings is evaluated using the same standards as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *United States v. Any and All Radio Station Transmission Equipment*, 207 F.3d 458, 462 (8th Cir. 2000). Therefore, judgment on the pleadings is properly granted if "the moving party has clearly established that no material issue of fact remains to be resolved[,] and the movant is entitled to judgment as a matter of law." *Id.*

In its evaluation, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Id.* However, the court "need not accept as true a [claimant]'s conclusory allegations or legal conclusions drawn from the facts." *Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). "While courts generally may not consider materials outside the pleadings in deciding whether to grant a motion for judgment on the pleadings, courts may consider 'some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings.'" *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (quoting *Noble Systems Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (internal quotation omitted)).

A claimant's bare assertion that money derives from a legitimate source is not sufficient to create a genuine issue of material fact as to the source of the Defendant Currency. *United States v. $61,200.00 in U.S. Currency, more or less*, 805 F. Supp. 2d 682, 691 (S.D. Iowa 2010).

**No Dispute of Material Fact**

Claimant has presented changing stories to this Court.

Claimant's initial "claim" to the Defendant Currency was tentative. He filed a Verified Claim in which he asserted that he "may have an interest in $23,045 of the funds." (ECF No. 3, ¶¶ 3(a), 9.) Claimant stated that this portion of the Defendant Currency did not constitute drug proceeds because "to the best of his recollection, [Claimant] remembers his adoptive mother (biological grandmother) loaning him a

cash sum of around $18,000–$22,000 given to him over two transactions that year." (*Id.* ¶ 8.) He also admitted that his mother is "not willing to provide an affidavit to substantiate his claim to the money." (*Id.*) Thus, at the outset of the case, Claimant fell short of stating a claim to the Defendant Currency.

Claimant then disclaimed his interest in the Defendant Currency. In his Answer, Claimant states that he "wishes to forfeit any interest or claim" he previously asserted over $23,045 of the Defendant Currency because "his mothers (both adoptive and biological) hold concerns about government retaliation against their family over the matter" and are therefore unwilling to provide evidence to substantiate his claim. (ECF No. 7 at 4.) There is nothing in the record to suggest anyone connected to this matter has legitimate concerns of "government retaliation."

Claimant also disclaimed interest in his Declaration in support of his Answer and his Reply to Plaintiff's Resistance to the Motion to Dismiss. (ECF No. 7 at 14, ¶¶ 10–11; ECF No. 9, ¶ 9.) Without a claimant contesting the facts in the Complaint, there are no issues of material fact to resolve.

Claimant did speculate in his pleadings that there was an issue of fact as to the remaining $1,300 and $143 described in ¶ 96 of the Complaint and included as Defendant Property, which he asserts were seized from Edwin Munoz, his only roommate at the time. In his Answer, Claimant states that "Edwin Munoz was never tied to, accused of, indicted, charged, or sentenced to any of the criminal conduct relating to Esquivias-Sandoval or the Rockford residence." (ECF No. 7 at 4 and 14–15; *see also* ECF No. 3, ¶ 9.) None of these factual assertions, even if presumed true

for the purposes of this motion, are relevant here, because Mr. Munoz had the opportunity to file a claim, and he did not.[1] Furthermore, even if Mr. Munoz had a possessory interest in the Defendant Currency, "a claimant that asserts a possessory interest must do more than state that interest in a conclusory fashion. Otherwise, the court may strike the claim for lack of standing." *United States v. $244,320.00 in U.S. Currency*, 295 F. Supp. 2d 1050, 1061 (S.D. Iowa 2003). Claimant's conclusory statements do not create an issue of fact in this case.

Even if the funds were from a legitimate source, Claimant has not contested that he was involved in the illegal drug activity alleged in the Complaint, to which he pled guilty. (Complaint ¶ 105.) He has not disputed that the funds were intended to be used to facilitate further illegal drug activity, which Claimant was heavily involved in at the time of the seizure.

**<u>Plaintiff is Entitled to Judgment as a Matter of Law</u>**

To establish that Plaintiff is entitled to judgment as a matter of law, the allegations in the Complaint must prove that the Defendant Currency constitutes money furnished or intended to be furnished in exchange for a controlled substance and/or used or intended to be used to facilitate one or more violations of the Controlled Substances Act, including, but not limited to, 21 U.S.C. §§ 841 843, and 846. 21 U.S.C.

[1] The Government took all reasonable steps to provide Edwin Munoz with notice under Fed. R. Civ. P. Supp. R. G(4)(b), as stated in Plaintiff's Certificate of Service. (ECF No. 13, ¶¶ 3–5; n. 1.) Plaintiff also published notice of the forfeiture on a public government website for thirty days, as required by Fed. R. Civ. P. Supp. R. G(4)(a), to allow anyone that did not receive notice directly to contest the forfeiture. (ECF No. 12.) Plaintiff has met the requirements for entry of judgment on the full sum of the Defendant Currency.

§ 881(a)(6). The burden of proof is a preponderance of the evidence. 18 U.S.C. § 983(c)(1). "If the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). The facts in the Complaint meet this burden.

The Complaint details the investigation into a drug conspiracy involving Claimant and his co-conspirator, Escamilla, including the details of numerous instances of the illegal distribution and sale of methamphetamine, cocaine, and fentanyl. (Complaint ¶¶ 18–30, 35–83, 85–89.) The Complaint has specific allegations that Claimant used money to facilitate the conspiracy, including the illicit purchase of several thousand fentanyl pills, which he then resold. (*Id.* ¶¶ 72–76.) The Complaint establishes that on the date of the seizure, October 25, 2022, Claimant intended to continue his illegal drug activity because he was arrested upon his arrival at a previously arranged transaction where he was to sell 500 grams of cocaine, which was in the trunk of his vehicle, in exchange for $24,000. (*Id.* ¶¶ 90–94.)

On the same day, October 25, 2022, a search warrant was executed at Claimant's house. During the search, law enforcement seized drug paraphernalia, packaging materials (including plastic bags and a vacuum sealer), a money counter, two digital scales with a white container with white powder residue, and the Defendant Currency. (*Id.* ¶¶ 96–100.) After seizing the Defendant Currency, a properly trained drug detection dog alerted positively to the odor of controlled

substances on the seized currency (including the $1,300 and $143 that Claimant did not claim). (*Id.* ¶¶ 97–102.)

The circumstances surrounding the seizure included many facts that law enforcement officers know to be indicative of drug trafficking. (*Id.* ¶ 17.) Claimant and Escamilla were both arrested, pled guilty, and were convicted of conspiracy to distribute controlled substances for their participation in the events in the Complaint.[2] (*Id.* ¶¶ 84, 90–95, 103–108.)

The presence of drug packaging materials, such as the vacuum sealer and plastic bags, the presence of controlled substances, and the alert of a drug detection dog have been cited as facts supporting a substantial connection between seized currency and drug activity. *See, e.g.*, *United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005) (money found in trunk with materials known to be used to package drugs, including plastic bags and a digital scale, and drug dog's alert, in addition to evidence of concealment supported substantial connection between money and drug trafficking); *United States v. $48,100.00 in U.S. Currency*, 756 F.3d 650, 655 (8th Cir. 2014) (expecting to find phone evidence of drug trafficking, paraphernalia consistent with drug trafficking as opposed to personal use, and other circumstantial factors to establish substantial connection); *United States v. $107,840.00 in U.S. Currency*, 784 F. Supp. 2d 1109 (S.D. Iowa 2011) (drug dog alert and claimant unable to provide evidence of a legitimate source, among other factors,

---

[2] The undisputed facts in the Complaint also preclude Claimant (and Escamilla) from successfully contesting the forfeiture, because, as convicted participants, they were not innocent owners. *See* 18 U.S.C. § 982(d) (requirements of the innocent owner defense).

created substantial connection); *United States v. $7,696.00 in U.S. Currency*, 587 F. App'x 352, 353 (per curiam) (8th Cir. 2014) (affirming substantial connection where money was seized in proximity to other evidence of drug trafficking, known drug traffickers provided affidavits testifying to claimant's recent drug trafficking activity, and claimant gave inconsistent statements and did not submit evidence proving his assertions of a legitimate source); *United States v. $55,964.00 in U.S. Currency*, No. 119CV00018RGESBJ, 2022 WL 18141743 (S.D. Iowa Mar. 10, 2022) (substantial connection where a large amount of money concealed in a duffel bag, in vacuum sealed bags with duct tape, seized with controlled substances and the positive indication of a drug detection dog, and claimant gave inconsistent and dishonest explanations about the source of the money).

Because the Government has met its burden of proof, the burden shifts to Claimant to prove that he is an innocent owner by a preponderance of the evidence. *$61,200.00 in U.S. Currency*, 805 F. Supp. 2d at 687; 18 U.S.C. § 983(d) (the innocent owner defense). As discussed above, Claimant has conceded to the forfeiture. Also, he is unable to meet his burden, and he is not an innocent owner. Thus, the Defendant Currency can be forfeited.

**<u>The Gold Necklace and Pendant</u>**

Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request…by court order, on terms that the court considers proper…Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

"When determining whether to allow a voluntary dismissal without prejudice, a district court should consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents ($32,820.56) in United States Currency*, 838 F.3d 930, 937 (8th Cir. 2016) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013) (internal quotation omitted)).

Plaintiff requests the Court dismiss this civil forfeiture action as to the Defendant Gold Necklace and Pendant because, after the forfeiture of the Defendant Currency, the resources necessary to proceed with discovery in this case would be better applied elsewhere, and dismissal will not cause prejudice to Claimant, nor provide Plaintiff with a strategic advantage.

The "exercise of prosecutorial discretion and a desire to allocate resources elsewhere" has been upheld as a valid reason to seek dismissal under Rule 41(a)(2). *$32,820.56*, 838 F.3d at 937. As in that case, Plaintiff here does not seek to forum shop or otherwise leverage dismissal to gain an advantage in litigation, and a dismissal would not waste judicial time and effort, rather, it would end the case before much of the litigation takes place, as there have been no depositions or hearings conducted yet, nor has a trial date been set. Dismissal also does not prejudice Claimant, who seeks return of the necklace and pendant to his sister as his representative. (ECF No. 7 at 13 ¶ 9.)

## Conclusion

Based on the foregoing, Plaintiff respectfully requests the Court grant the Motion for Partial Judgment on the Pleadings, enter a judgment of forfeiture against $24,488 in U.S. currency (the Defendant Currency), and dismiss without prejudice the remaining Defendant Jewelry as a defendant in this case.

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Attorney's Office
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

__X__U.S. Mail _____Fax _____Hand Delivery __X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY
By: */s/ Z. Noble*
Paralegal Contractor