IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $24,488 IN U.S. CURRENCY, AND A GOLD NECKLACE AND PENDANT,<br><br>Defendants. | ) | Case No. 3:25-cv-00133-SMR-SBJ<br><br>ORDER ON MOTION TO DISMISS, PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS, AND PARTIAL VOLUNTARY DISMISSAL |

The Government commenced this forfeiture action against Defendants Approximately $24,488 in United States Currency and a Gold Necklace and Pendant ("Defendant Property") following Claimant Robert Esquivias-Sandoval's conviction for conspiracy to distribute a controlled substance. [ECF No. 1]. Claimant filed a verified claim, a verified answer, and a motion to dismiss. [ECF Nos. 3, 7]. The Government resisted Claimant's motion to dismiss and has since moved for partial judgment on the pleadings regarding Defendant Approximately $24,488 in U.S. Currency and voluntary dismissal of Defendant Gold Necklace and Pendant. [ECF Nos. 8, 14]. For the reasons that follow, the Government's motion for partial judgment on the pleadings is GRANTED. [ECF No. 14]. Defendant Gold Necklace and Pendant are DISMISSED without prejudice. *Id.* Claimant's motion to dismiss is DENIED as moot. [ECF No. 7].

## I. BACKGROUND

Claimant pleaded guilty to illegal reentry and conspiracy to distribute methamphetamine, cocaine, and fentanyl. *United States v. Esquivias-Sandoval*, No. 3:22-cr-00114-SMR-SBJ-2, ECF No. 46 (S.D. Iowa Aug. 21, 2023) ("Crim. Case"). He was sentenced to 158 months in prison. Crim. Case, ECF No. 88. The Eighth Circuit affirmed on December 23, 2024. *See United States v. Esquivias-Sandoval*, No. 24-1759, 2024 WL 5199388 (8th Cir. Dec. 23, 2024) (per curiam).

The Federal Bureau of Investigation commenced administrative forfeiture proceedings against Defendant Property; Claimant contested and asserted an administrative claim. [ECF No. 1 ¶¶ 109–115]. The Government then initiated this forfeiture action in federal court. *See id.* ¶ 1. Defendant Gold Necklace and Pendant were seized from Claimant's person during his arrest on October 25, 2022, and Defendant Approximately $24,488 in U.S. Currency was seized from his residence on the same date. *Id.* ¶ 3. The Government alleges that $23,045 in U.S. currency was found in a safe in one bedroom, $1,300 in a black bag in another bedroom, and $143 in a wallet. *Id.* ¶¶ 96–100. A drug-detection dog indicated that this currency was contaminated with controlled substances. *Id.* ¶¶ 101–02. Accordingly, pursuant to 21 U.S.C. § 881(a)(6), the Government contends that Defendant Property can be forfeited as "money or other things of value furnished or intended to be furnished in exchange for a controlled substance, and/or used or intended to be used to facilitate one or more violations of the Controlled Substance[s] Act." *Id.* ¶ 117.

Claimant submitted a verified claim to Defendant Property. [ECF No. 3]. He noted that he had asserted a claim to the gold necklace and pendant in the administrative proceedings because they were purchased for him by his biological mother in 1993. *Id.* ¶¶ 3(a), 6. And he repeated his administrative claim's assertion of a valid legal interest in the $24,488 in U.S. currency, which he said his adoptive mother had given him as a loan. *Id.* ¶¶ 3(b), 8.

Claimant also made new allegations. He stated that, "to the best of his recollection" his adoptive mother had loaned him between $18,000 and $22,000 in cash, but that she was unwilling to provide an affidavit substantiating his claim to the money found at the residence for fear of government retaliation. *Id.* ¶ 8. He also disavowed any legal interest in the $1,300 found in a duffel bag and the $143 found in a wallet, now declaring that both belonged to a roommate. *Id.* ¶ 9. Accordingly, he claimed an interest in only $23,045. *Id.*

Claimant then submitted a verified answer to the Government's forfeiture complaint and moved to dismiss. [ECF No. 7]. In his verified answer, he conceded further that he "wishe[d] to forfeit any interest or claim over the $23,045." *Id.* at 4. He reiterated that the remaining $1,443 belonged to his roommate and that he wished for that individual to be given an opportunity to claim the funds. *Id.* Nonetheless, Claimant remained steadfast that the gold necklace and pendant were not subject to forfeiture. *Id.* at 5.

Claimant's motion to dismiss argued that the Government's complaint was untimely under the relevant statute of limitations and thus failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 7–8. Specifically, he argued that the Government was "decades too late" in seeking forfeiture of the necklace and pendant and had failed to tie the property to the criminal conduct in the instant offense. *Id.* at 9. As such, he requested that the necklace and pendant be returned to the authorized recipient named in his declaration. *Id.* at 10, 13. His declaration—submitted under penalty of perjury—reiterated that he relinquished his interest in the $23,045 in U.S. currency and that the remaining $1,443 belonged to his roommate. *Id.* at 14–15. The Government resisted. [ECF No. 8]. It argued that Claimant cited an inapplicable statute of limitations and contested his assertion that Defendant Gold Necklace and Pendant were not acquired with drug proceeds.

On July 22, 2026, the Government moved for partial judgment on the pleadings and voluntary dismissal of Defendant Gold Necklace and Pendant. [ECF No. 14]. It argued that it met its burden in demonstrating that the U.S. currency bore a substantial connection to drug activity and that, because Claimant had disclaimed any interest in the $23,045 in U.S. currency and the remaining $1,443 had gone unclaimed, no dispute of material fact precluded entry of judgment. [ECF No. 14-1 at 4–8]. Claimant filed an untimely resistance. [ECF Nos. 15, 16, 17]. He requests that the Court rule on his motion to dismiss or, alternatively, grant the Government's dismissal of Defendant Gold Necklace and Pendant—with prejudice—and order return of the property. [ECF No. 17 at 12, 15]. He also requests judgment in favor of the Government on the $23,045 in U.S. currency and reiterates that he has no interest in the remaining $1,443. *Id.* at 5–6, 17.

## II. DISCUSSION

Motions for judgment on the pleadings are permitted after the pleadings are closed but early enough not to delay trial. Fed. R. Civ. P. 12(c). The legal standard is similar to that governing a Rule 12(b)(6) motion; the Court accepts as true all facts pleaded by the nonmoving party and grants all reasonable inferences in its favor. *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). Judgment on the pleadings is appropriate where there is no material issue of fact and the movant is entitled to judgment as a matter of law. *Rossley v. Drake Univ*., 336 F. Supp. 3d 959, 962 (S.D. Iowa 2018) (citing *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008)).

Here, no material issue of fact exists and the Government is entitled to judgment as a matter of law. Start with Defendant Approximately $24,488 in U.S. Currency. In his verified claim, Claimant asserted an interest in only $23,045. [ECF No. 3 ¶ 9]. He disclaimed any legal interest in the $1,300 found in the duffel bag and the $143 found in the wallet. *Id.* In his answer to the

complaint, he went one step further, disavowing any legal interest in any of the funds seized from the residence and declaring that he "wishes to forfeit any interest or claim over the $23,045." [ECF No. 7 at 3–4]; *see also id.* at 11. Accordingly, there is no dispute of material fact regarding his legal interest in those funds.

Claimant has consistently disclaimed any legal interest in the remaining $1,300 and $143 found at the residence. His verified claim and answer both assert that those funds belong to his roommate. [ECF Nos. 3 ¶ 9; 7 at 4, 14–15]. However, Claimant argues that unless the Government can connect those funds to his illegal activity, his roommate should be given an opportunity to claim them after being notified of the Court's ruling. [ECF No. 7 at 4].

This overlooks Claimant's lack of legal interest in the funds and inverts the forfeiture process. Pursuant to statutory requirements and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government published notice of the civil forfeiture action for 30 consecutive days between December 10, 2025, and January 8, 2026. [ECF Nos. 12, 12-1]. Any person wishing to file a verified claim was required to do so within 60 days of the first day of publication. [ECF No. 12-1 at 1]. The Government also attempted on several occasions to mail the roommate the Notice of Judicial Forfeiture and a copy of the verified complaint, at multiple addresses, by U.S. Certified Mail and First-Class Mail. [ECF Nos. 13 ¶¶ 3, 4; 13-1 at 3–6]. Those mailings were returned as undeliverable, and the Government was unable to identify another address for Claimant's former roommate. [ECF No. 13 ¶¶ 4, 5]. Nothing more was required. *See* Fed. R. Civ. P. Supp. R. G(4)(b)(iii); *Jones v. Flowers*, 547 U.S. 220, 235–36 (2006) (holding that a State that learns its mailed notice of a tax sale was returned unclaimed must take "additional reasonable steps to provide notice to the property owner . . . if it is practicable to do so," such as re-sending notice by regular mail).

Accordingly, because Claimant disclaims any interest in the funds found at the residence, no other claimant has asserted a legal interest in them, and the Government has demonstrated a substantial connection between the seized currency and the Claimant's drug distribution operation, there is no dispute of material fact and judgment as a matter of law is appropriate. *See United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826, 829 (8th Cir. 2005) (finding a substantial connection exists between currency and drug distribution based on possession of a large amount of cash, concealment of the funds, and a drug dog's alert to the currency).

Finally, the Government moves to dismiss the civil forfeiture action as to Defendant Gold Necklace and Pendant without prejudice. [ECF No. 14 ¶ 8]; *see also* Fed. R. Civ. P. 41(a)(2). The Government represents that it has made a discretionary decision to devote its resources elsewhere. [ECF No. 14-1 at 9]. The Government's position is consistent with Claimant's motion to dismiss the verified complaint, wherein he requests return of the necklace and pendant. [ECF No. 7 at 13]. The Government has presented an adequate explanation for dismissal of the forfeiture action against this property, dismissal would preserve judicial resources, and Claimant will not suffer any prejudice. *See United States v. Thirty-Two Thousand Eight Hundred Twenty Dollars and Fifty-Six Cents ($32,820.56) in United States Currency*, 838 F.3d 930, 937 (8th Cir. 2016). Dismissal also aligns the parties' positions and fulfills Claimant's request that the property be returned. The Court thus concludes that dismissal of the verified complaint against Defendant Gold Necklace and Pendant without prejudice is appropriate. Fed. R. Civ. P. 41(a)(2). This moots Claimant's motion to dismiss. [ECF No. 7].

## III. CONCLUSION

The Government's motion for partial judgment on the pleadings and voluntary dismissal is GRANTED. [ECF No. 14]. Defendant Gold Necklace and Pendant are DISMISSED without

prejudice, and the Government shall promptly return them to the authorized recipient named in Claimant's declaration. Claimant's motion to dismiss is DENIED as moot. [ECF No. 7].

**IT IS SO ORDERED**.

Dated this 14th day September, 2026.

STEPHANIE M. ROSE, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA